Case 4:24-cv-00839   Document 113   Filed on 06/17/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| U.S. WELL SERVICES, LLC<br>U.S. WELL SERVICES, LLC, PROFRAC<br>MANUFACTURING, LLC, PROFRAC<br>SERVICES, LLC,<br>     *Plaintiffs*,<br><br>v.<br><br>LIBERTY ENERGY, INC., LIBERTY<br>OILFIELD SERVICES LLC, LIBERTY<br>ADVANCED EQUIPMENT<br>TECHNOLOGIES LLC, ST9 GAS AND OIL<br>LLC, ST9, INC. CHRIS BUCKLEY, AND<br>PAUL LIGHTFOOT,<br>     *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:24-CV-00839 |

## MEMORANDUM AND RECOMMENDATION

Before the Court in this patent infringement action is Defendants' Motion to Dismiss Plaintiff's Newly Added Inequitable Conduct Claim Under Fed. R. Civ. P. 12(b)(6).[1] ECF 60. Having reviewed the parties' submissions and the law, the Court recommends that the Motion to Dismiss be granted.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 71.

I.  **Procedural Background**

Plaintiffs own four patents at issue in this case: Unites States Patent Nos. 10,598,258 (the "'258 Patent"), 11,959,533 (the "'533 Patent"), 10,655,435 (the "'435 Patent"), and 11,208,878 (the "'878 Patent") (collectively the "Asserted Patents"). The Asserted Patents relate to systems and methods for performing hydraulic fracturing operations.

Plaintiffs filed an Original Complaint on March 6, 2024 asserting patent infringement and other claims against Liberty Energy, Inc., Liberty Oilfield Services, LCC, Liberty Advanced Equipment Technologies, LLC, and ST9 Gas and Oil LLC. ECF 1. Plaintiffs filed an Amended Complaint on June 3, 2024 adding ST9, Inc. as a Defendant. ECF 32. Plaintiffs filed a Second Amended Complaint on November 14, 2024, adding a claim for inequitable conduct under U.S. Patent laws against ST9 Gas and Oil LLC, ST9, Inc., Chris Buckley, and Paul Lightfoot.[2] ECF 56. Defendants filed the instant Motion to Dismiss on December 6, 2024 and it is fully briefed and ripe for determination.[3] ECF 60; ECF 68; ECF 70.

---

[2] Defendants ST9, Inc. and Paul Lightfoot have not appeared in this action and Defendants' prior Answer and the current Motion to Dismiss were not filed on their behalf. ECF 39 n.1; ECF 60 at 5. The Clerk is directed to correct the docket to reflect that Mr. Reckers has not appeared in this action on behalf of Defendant ST9, Inc.

[3] The Court conducted a Markman hearing on April 30, 2025 and issued a Memorandum and Order on claim construction on May 30, 2025. ECF 111. Plaintiffs' objections to the Memorandum and Order are before the District Judge. ECF 112.

## II. Legal Standards

### A. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the

plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

### B. Inequitable Conduct

All individuals involved in the filing and prosecution of a patent application owe a duty of candor and good faith in dealing with the PTO. *Avid Identification Sys., Inc. v. Crystal Imp. Corp.*, 603 F.3d 967, 973 (Fed. Cir. 2010) (citing 37 C.F.R. § 1.56(a)). An individual violates this duty by engaging in inequitable conduct, which "includes affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." *Lowe v. ShieldMark, Inc.*, No. 2023-1786, 2025 WL 893211, at *11 (Fed. Cir. Mar. 24, 2025) (quoting *Bd. of Educ. Ex rel. Bd. of Trs. of Fla. State Univ. v. Am. Bioscience, Inc.*, 333 F.3d 1330, 1343 (Fed. Cir. 2003)). Inequitable conduct has been called the atomic bomb of patent law because inequitable conduct as to any claim invalidates the entire patent. *Glob. Tubing LLC v. Tenaris Coiled Tubes LLC*, No. 4:17-CV-03299, 2023 WL 2574590, at *3 (S.D. Tex. Mar. 17, 2023) (citing *Therasense, Inc. v. Becton, Dickenson & Co.*, 649 F. 3d 1276, 1288 (Fed. Cir. 2011) (en banc)). For this reason, the doctrine requires a showing of both intent and materiality. *Id.*; *Gen. Elec. Co. v. Mitsubishi Heavy Indus. Ltd.*, 946 F. Supp. 2d

582, 590 (N.D. Tex. 2013) (holding "inequitable conduct requires clear and convincing evidence of a specific intent to deceive the PTO," citing *Therasense, Inc.*, 649 F.3d 1276 at 1290).  If the party asserting inequitable conduct establishes threshold levels of materiality and intent, then the Court must "determine whether the applicant's conduct is so culpable that the patent should be held unenforceable." *Lowe*, 2025 WL 893211, at *11.

Usually, inequitable conduct is raised by a defendant in an infringement action as an affirmative defense or counterclaim. *See Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1096 (Fed. Cir. 2024) (holding "[i]nequitable conduct renders a patent unenforceable and is, therefore, an affirmative defense to an allegation of patent infringement."); *Rail Scale, Inc. v. Weighing Techs., Inc.*, No. CV 4-21-3698, 2025 WL 254111, at *3 (S.D. Tex. Jan. 17, 2025) (citing *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1286 (Fed. Cir. 2011) for the statement "[i]nequitable conduct is a defense to patent infringement which, if proved, bars enforcement of the patent").

### III. Analysis

Plaintiff's Second Amended Complaint asserts a claim against Defendants ST9, Buckley, and Lightfoot for inequitable conduct. ECF 56 ¶¶ 105-09.  This claim is premised on the allegation that the Defendants intentionally omitted and/or misrepresented facts when they filed a provisional patent application on September

25, 2017 (the '943 Provisional) and four subsequent patent applications (collectively known as the Child Applications), in violation of their "duty to prosecute patent applications in the Patent Office with candor, good faith, and honesty." ECF 56 ¶ 106 (citing *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999 (Fed. Cir. 2007)). Specifically, Plaintiff alleges that these Defendants represented in the '943 Provisional and Child Applications that Buckley was the sole inventor and source of the designs when Buckley actually gained his knowledge through his work with USWS on their patents beginning in August 2017. *Id.*

In this case, Plaintiffs assert their claim of inequitable conduct not as an affirmative defense to infringement, but as an affirmative claim for relief. Defendants argue that Plaintiffs' inequitable conduct claim does not raise a justiciable case or controversy because: (1) Plaintiff has no standing to assert such a claim; (2) the '943 Provisional is not enforceable; and (3) the named Defendants in Plaintiff's inequitable conduct claim do not own the '943 Provisional and Child Applications and cannot enforce them. Defendants also argue that the allegations in the Second Amended Complaint fail to meet the particularity requirements of Federal Rule of Civil Procedure 9(b). Because the Court recommends the inequitable conduct claims be dismissed for lack of jurisdiction, it does not address Rule 9(b).

### A. Plaintiff's inequitable conduct claim does not present a justiciable case or controversy.

Article III of the U.S. Constitution gives federal courts authority to decide cases and controversies. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008) (holding that jurisdiction to adjudicate a declaratory judgment action in a patent dispute "is limited by Article III of the Constitution, which restricts federal judicial power to the adjudication of 'Cases' or 'Controversies.'"). The case and controversy inquiry incorporates the more specific, overlapping doctrines of ripeness, standing, and lack of mootness. *Id.* at 1336. Defendants address the issue here through the lens of standing. *See* ECF 60 at 10. The "irreducible constitutional minimum" requirements for standing are: (1) an injury in fact which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) the injury likely will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In the context of standing in a patent case, the Federal Circuit has held that "[a]bsent an injury-in-fact fairly traceable to the patentee, there can be no immediate and real controversy." *Prasco*, 537 F.3d at 1338.

In addition, the Federal Circuit has held that "jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480

7

F.3d 1372, 1381 (Fed. Cir. 2007). Thus, in order to allege jurisdictional standing in a declaratory judgment action to invalidate a patent, a plaintiff must plead "both (1) an affirmative act by the patentee related to the enforcement of [its] patent rights[;] and (2) meaningful preparation to conduct potentially infringing activity." *Ringers Techs. LLC v. Harmer*, No. CV H-18-4347, 2020 WL 1173509, at *3 (S.D. Tex. Feb. 13, 2020), *report and recommendation adopted*, No. 4:18-CV-04347, 2020 WL 1169394 (S.D. Tex. Mar. 11, 2020) (citations omitted); *Allied Min. Prods., Inc. v. Osmi, Inc.*, 870 F.3d 1337, 1339 (Fed. Cir. 2017) (affirming dismissal of a declaratory judgment action to invalidate a patent on multiple grounds, including inequitable conduct, because a there was no allegations of an affirmative act by the patentee to enforce the patent).

Here, Plaintiffs seek a declaration holding Defendants' patents unenforceable due to inequitable conduct in filing the '943 Provisional and Child Applications, but they have failed to allege the minimum constitutional requirements of a case or controversy which would support jurisdiction in this Court. Plaintiffs' reliance on *Zenith Elecs. Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348 (Fed. Cir. 2008), *Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324 (Fed. Cir. 2012), and *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), is misplaced. In *Cardinal*, the Supreme Court held that a non-infringement ruling on the plaintiff's infringement claim did not moot the defendant's counterclaim for inequitable conduct. 508 U.S.

at 102. The Federal Circuit did the same in *Zenith*, 522 F.3d at 1366. In both cases, invalidity was raised by a defendant as a counterclaim in an infringement suit. Similarly, in *Aventis Pharma S.A.*, 675 F.3d at 1334, inequitable conduct was raised as a successful defense to a patent infringement claim. In contrast, Plaintiffs in this case assert an inequitable conduct claim to invalidate patents the patentee has taken no affirmative act to enforce. Under the precedents cited above, no jurisdiction exists for a declaratory judgment action to declare a patent unenforceable under these circumstances.

Plaintiffs contend that the inequitable conduct claim states an actual case or controversy because Defendants are using the '943 Provisional and Child Applications to establish prior art as a defense to Plaintiff's infringement claims. ECF 68 at 14. This argument presents at least two problems. First, Plaintiffs are not suing Buckley or Lightfoot for infringement. *See* ECF 56. Thus, Buckley and Lightfoot are not using the '943 Provisional and Child Applications in defense of any claim in this case. Second, Plaintiffs haven't specifically identified which Patent(s) owned by ST9, Buckley, and/or Lightfoot they seek to invalidate. A provisional application, like the '943 Provisional, is not a patent and includes no enforceable claims. *See* 35 U.S.C. § 111. Only one of the Child Applications, App. No. 17/244,415, has resulted in issuance of a patent, Patent No. 11,339,769. ECF 56 ¶ 33. In any event, it is undisputed that Defendants ST9, Buckley, and Lightfoot

9

do not own the '769 Patent because ST9 assigned it to Liberty when Liberty acquired ST9 in 2018. Therefore, Plaintiffs fail to establish that the harm they seek to prevent (use of the '943 Provisional and Child Applications as evidence of prior art in this case) is redressable by their inequitable conduct claim against ST9, Buckley, and Lightfoot.

Judge Yeakel's decision in *Reactive Surfaces Ltd, LLP v. Toyota Motor Corp.*, No. 1:14-CV-1009-LY, 2015 WL 4876810, *at* *1 (W.D. Tex. Aug. 13, 2015) is instructive. Reactive Surfaces Ltd., LLP (Reactive) brought a declaratory judgment action against Toyota seeking a declaration of invalidity and noninfringement of several patents and patent applications allegedly similar to Reactive's patent applications. *Id.* Toyota moved to dismiss for lack of subject matter jurisdiction, arguing that Reactive did not plead a case or controversy because Toyota had taken no affirmative action to enforce its patents. *Id.* In response to Toyota's motion, Reactive argued that Toyota's inequitable conduct at the patent office constituted an affirmative action that created a justiciable controversy. *Id.* at *2-3. The court held that "[a]lthough inequitable conduct is relevant to adjudicate a dispute over patents, it is not relevant to determine whether there is a justiciable dispute in the first place." *Id.* at 3.

In sum, Plaintiffs' pleading deficiency goes beyond the fact that inequitable conduct is asserted as an affirmative claim and not as a defense. The pleading is

10

deficient because Plaintiffs fail to allege any facts showing that ST9, Buckley, and Lightfoot have taken any affirmative act to enforce any patent, or that they own any patent they could enforce. Under Federal Circuit authority, Plaintiffs have failed to allege a case or controversy sufficient to establish subject matter jurisdiction for their inequitable conduct claim.

### B. Leave to amend should be denied.

Plaintiffs ask that, if the Court finds that they cannot assert an inequitable conduct claim against ST9, Buckley, and Lightfoot, the Court grant them leave to file a Third Amended Complaint asserting an inequitable conduct claim against Liberty. The Court denies the request for leave to file an amended complaint asserting an inequitable conduct claim against Liberty.

Although Liberty owns at least one patent allegedly obtained through inequitable conduct (the '769 Patent), the fact remains that Liberty is not attempting to enforce any patent in this case and has not taken any affirmative step that would put Plaintiffs on notice that it intends to do so. In *Cardinal*, the Supreme Court recognized that "[m]erely the desire to avoid the threat of a 'scarecrow' patent, in Learned Hand's phrase, may therefore be sufficient to establish jurisdiction under the Declaratory Judgment Act." 508 U.S. at 96. But case law clearly requires an actual "threat," i.e., an affirmative act by the patentee in order to create a justiciable controversy and invoke federal court jurisdiction under the Declaratory Judgment Act. *SanDisk*

11

*Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (it is not enough that a party learns of a competing patent and perceives a risk of infringement, there is no jurisdiction without some affirmative act by the patentee); *Allied Min. Prods.*, 870 F.3d at 1339 (a plaintiff must plead an affirmative act by the patentee to enforce the patent to survive a motion to dismiss). Thus, granting Plaintiffs leave to file a Third Amended Complaint asserting an inequitable conduct claim against Liberty would be futile.

This Recommendation is in no way intended to prevent Plaintiffs from arguing and presenting any evidence of inequitable conduct in order to rebut Defendants' claims of prior art. As in *Reactive Surfaces*, the Court finds that the alleged inequitable conduct is relevant to the parties' patent dispute in this case. 2015 WL 4876810, at *3. Plaintiff's inequitable conduct claim simply is not supported by allegations of an actual case or controversy that creates jurisdiction for this Court to invalidate Defendants' patents that are not already at issue in this case.

### IV. Conclusion and Order

For the reasons discussed above, the Court recommends that Defendants' Motion to Dismiss (ECF 60) be GRANTED and Plaintiff's inequitable conduct claim be dismissed without prejudice. Because inequitable conduct is the only claim asserted against Defendants Buckley and Lightfoot, the Court further

RECOMMENDS that Buckley and Lightfoot be terminated as Defendants in this case.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 17, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge